UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WP COMPANY LLC d/b/a<br>THE WASHINGTON POST,<br><br>   Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF TREASURY, et al.,<br><br>   Defendants. | Civil Action No. 24-0804 (CJN) |

**JOINT STATUS REPORT**

Plaintiff WP Company LLC d/b/a The Washington Post ("the Post"), and Defendants Department of the Treasury ("Treasury") and U.S. Marshals Service ("USMS"), through counsel, respectfully submit this joint status report pursuant to the Court's June 5, 2024 Minute Order.

**I. THE PARTIES' JOINT STATEMENT**

  1. This is a Freedom of Information Act ("FOIA") case. The Post filed its complaint on March 20, 2024, and Defendants timely answered on April 22, 2024. The case concerns two FOIA requests that the Post submitted to Treasury and to USMS on January 17, 2024.

  2. On June 5, 2024, the Court ordered the parties to "confer and file a Joint Status Report on or before June 19, 2024," including certain information requested by the Court.

  3. Defendants do not currently anticipate seeking an *Open America* stay in this matter.

  4. Because Defendants are still conducting searches and processing potentially responsive records in response to the requests, the parties believe that it would be premature to propose a schedule for briefing. Once Defendants complete the responses to the Post's FOIA

requests, counsel for the parties will confer in good faith and attempt to resolve or narrow any issues that would otherwise require resolution by the Court. If any such issues remain, the parties will propose a dispositive motion briefing schedule.

5. Because Defendants are still in the process of conducting searches or processing documents in response to the Post's FOIA requests, the parties believe it is premature at this time to address whether a *Vaughn* index or briefing schedule will be required in this case. Once Defendants complete the responses to the Post's FOIA requests, counsel for the parties will confer in good faith and attempt to resolve or narrow any issues that may require resolution by the Court before proposing a schedule for briefing dispositive motions and the filing of a *Vaughn* index.

6. The parties propose that they file an additional joint status report on or before September 16, 2024, to update the Court on the status of the search results and the FOIA requests.

## II.  DEFENDANTS' ADDITIONAL STATEMENT

7. The USMS is continuing to conduct searches in response to Plaintiff's FOIA request. To date, the USMS has located 1645 potentially responsive pages. Please note that, during the review and processing of these records, some of these pages may be deemed "not responsive." The USMS will provide the requester with rolling productions. The USMS provided Plaintiff with its first interim release on July 12, 2024. The USMS is currently processing its second release. Additionally, the USMS expects to refer certain responsive records (specifically OFAC licenses) to Treasury for processing and potential production to the Post. Counsel for Defendants will notify counsel for the Post when that referral occurs and will then provide the Post with updates on Treasury's progress before each Joint Status Report.

8. Treasury's Office of Foreign Assets Control ("OFAC") reports that it has located records potentially responsive to Plaintiff's request and will process the records in rolling productions. OFAC continues conducting a search of additional records in response to Plaintiff's FOIA request; however, an anticipated completion date for its search is currently undetermined as OFAC intends to seek clarification on and possible narrowing of the request's scope. Treasury's Internal Revenue Service (IRS) contacted Plaintiff by e-mail on March 4, 2024, to request that Plaintiff provide contract numbers for the records requested in item D of the FOIA request, explaining that it required the contract numbers to conduct a search for records. That same day an IRS Disclosure Specialist telephoned Plaintiff and left a voicemail message communicating the absence of contract numbers and the need for Plaintiff to supply the numbers before IRS could conduct a search for records. On March 6, 2024, IRS emailed Plaintiff to reiterate the need for contract numbers to conduct a search and to inform Plaintiff that if it did not respond by April 10, 2024, the IRS would close the request without further action. On March 20, 2024, the IRS Disclosure Specialist received a voicemail response from Plaintiff's counsel. The Disclosure Specialist returned the call that same day and explained that IRS required contract numbers to perform the search, and that if IRS did not receive the information by April 10, 2024, it would send a final response and close the request. On April 16, 2024, after it did not receive additional information from Plaintiff, IRS sent a final response informing Plaintiff that it was closing the request with no further action because Plaintiff had not provided the information necessary to perfect the request.

### III.     THE POST'S ADDITIONAL STATEMENT

9.      The Post filed this lawsuit after Treasury and USMS failed to timely produce any records or otherwise substantively respond to the Post's FOIA requests.  *See generally* Compl. (ECF 1).  Defendants filed their Answer in April 2024, in which they "admit there may be some public interest in the records sought."  *See generally* Answer (ECF 6).

10.     Also in April 2024, the Post's counsel communicated with an IRS Disclosure Specialist concerning the IRS's claim that it could not search for contracts responsive to the Post's request unless the Post first provided associated contract numbers.  The Post's counsel noted that the request was reasonably described under FOIA and already the subject of litigation, that the Post did not know the contract numbers at issue, and that the very purpose of this request was to learn more about these unknown contracts.

| | |
|---|---|
| Dated:  July 17, 2024<br>          Washington, DC<br><br>*/s/ Charles D. Tobin*<br>Charles D. Tobin (#455593)<br>Maxwell S. Mishkin (#1031356)<br>BALLARD SPAHR LLP<br>1909 K Street NW, 12th Floor<br>Washington, DC 20006<br>Tel: 202-661-2200<br>Fax: 202-661-2299<br>tobinc@ballardspahr.com<br>mishkinm@ballardspahr.com<br><br>*Counsel for Plaintiff WP Company LLC*<br>*d/b/a The Washington Post* | Respectfully submitted,<br><br>MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br><br>By: */s/ Alexander Schreiber*<br>     ALEXANDER SCHREIBER<br>     D.C. Bar No. 1724820<br>     Special Assistant U.S. Attorney<br>     601 D Street, NW<br>     Washington, DC 20530<br>     (202) 252-6754<br>     Alexander.Schreiber@usdoj.gov<br><br>*Attorneys for the United States of America* |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WP COMPANY LLC d/b/a THE WASHINGTON POST,<br><br>   Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF TREASURY, et al.,<br><br>   Defendants. | Civil Action No. 24-0804 (CJN) |

# **[PROPOSED] ORDER**

Upon consideration of the parties' July 17, 2024, Joint Status Report, the parties shall submit another joint status report no later than September 16, 2024, to apprise the Court on the status of this case.

SO ORDERED this _____ day of _____, 2024.

_____
UNITED STATES DISTRICT JUDGE